IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARTIN SARAFIN III and<br>A-7 AUSTIN, LLC D/B/A<br>AUSTIN HOSE,<br><br>Plaintiffs,<br><br>v.<br><br>BRIDGESTONE HOSEPOWER, LLC,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. _____ |

**ORIGINAL COMPLAINT
AND REQUEST FOR DECLARATORY JUDGMENT**

COME NOW Plaintiffs Martin Sarafin III ("Sarafin") and A-7 Austin, LLC d/b/a Austin Hose ("Austin Hose") and file this Original Complaint and Request for Declaratory Judgment against Bridgestone HosePower, LLC ("Defendant" or "HosePower") and allege as follows:

NATURE OF THE CASE

1. Martin Sarafin and Austin Hose (collectively referred to as "Plaintiffs") bring this case under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and seek a judgment declaring that the Noncompetition Agreement HosePower seeks to enforce against its former employee, Martin Sarafin, is unenforceable. In the alternative, Plaintiffs seek a judgment declaring that Martin Sarafin has not breached the restrictive covenants within the Noncompetition Agreement through his subsequent employment with Austin Hose.

PARTIES

2. Martin Sarafin III is an individual residing in Hiawassee, Georgia. Sarafin is employed by A-7 Austin, LLC d/b/a Austin Hose as Vice President of Imports and is based out of Austin Hose's headquarters in Amarillo, Texas.

3. A-7 Austin, LLC d/b/a Austin Hose is a limited liability company formed under the laws of the State of Texas with its principal place of business located in Amarillo, Texas. Austin Hose has five (5) members: three (3) individuals and two (2) limited liability companies. The three individual members are residents of Texas and each entity member was formed under the laws of the State of Texas. Austin Hose is a supplier of hydraulic and industrial hoses, fittings and accessories and primarily services the oil and gas industry. Austin Hose is based in Amarillo, Texas and the majority of its locations are in Texas.

4. Bridgestone HosePower, LLC is a limited liability company existing under the laws of the State of Delaware with its principal place of business located in Orange Park, Florida. Upon information and belief HosePower's members are residents of the State of Florida. HosePower is in the business of repairing and supplying industrial and hydraulic hoses and hose products. HosePower has over forty locations in various states throughout the United States, including Texas.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the dispute involves citizens of different states and the amount in controversy exceeds the sum of $75,000.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the instant action occurred within this district.

## FACTUAL BACKGROUND

7. Sarafin and Austin Hose (collectively, "Plaintiffs") bring this suit for a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202.

8. In May of 2011, Sarafin began employment with Masthead Industries, Inc. ("Masthead") as the Director of Purchasing.

9. On or about May 23, 2011, Sarafin entered into a Noncompetition Agreement with Masthead. The Noncompetition Agreement is attached hereto as Exhibit A.

10. The Noncompetition Agreement is a standalone agreement and contains certain post-employment restrictions including a noncompetition provision.

11. Specifically, the noncompetition provision of the Noncompetition Agreement states as follows:

> Noncompetition. During the Noncompetition Period, as hereinafter defined, Employee agrees that he shall not engage in the Business, directly or indirectly, individually or as an officer, director, employee, shareholder, principal, representative, consultant, agent, broker, partner, joint venturer, agent, equity owner, or in any other capacity whatsoever. The provisions of this paragraph shall apply within the Territory, as hereinafter defined. Further, during the Noncompetition Period, Employee shall not (i) hire or solicit for employment any person who was employed by Masthead at any time in the preceding twelve months, or (ii) seek to cause Masthead's distributors and suppliers from doing business with Masthead.

12. Within the Noncompetition Agreement, the Noncompetition Period is "a period of one (1) year from and after the date Employee's employment is terminated for any reason;" the Business is defined as "distributing, selling and repairing industrial hose and fittings, including mobile repairs;" and the Territory is defined as "a two hundred mile radius of any of Masthead's business locations existing at the time Employee's employment with Masthead is terminated."

13. Upon information and belief, HosePower acquired Masthead in 2014.

14. Sarafin continued to work for HosePower until on or about September 8, 2023, when Sarafin resigned from his position with HosePower. Sarafin was the Global Commodity Manager for HosePower at the time his employment ended.

15. On September 11, 2023, Austin Hose hired Sarafin as Vice President of Imports. Sarafin is employed out of Austin Hose's headquarters in Amarillo, Texas and currently works remotely from his home in Hiawassee, Georgia. Sarafin regularly travels to Amarillo and spends one week a month in Austin Hose's Amarillo office.

16. On or about October 24, 2023, HosePower through its counsel sent a letter to Sarafin regarding Sarafin's employment with Austin Hose and Sarafin's post-employment obligations, specifically those under the Noncompetition Agreement. HosePower's October 24, 2023 letter is attached hereto as Exhibit B.

17. On or about December 7, 2023, HosePower stated it intends to pursue legal action against Sarafin for alleged violations of the Noncompetition Agreement. HosePower alleged that Sarafin's employment with Austin Hose violates the restrictive covenants in the Noncompetition Agreement and formally demanded that Austin Hose separate Sarafin from his employment.

18. Plaintiffs maintain that Sarafin's employment with Austin Hose does not violate the Noncompetition Agreement and that the Noncompetition Agreement is unenforceable.

19. There is a justiciable controversy regarding the parties' rights and responsibilities under the Noncompetition Agreement, specifically whether the Noncompetition Agreement is enforceable against Sarafin in his current position with Austin Hose and alternatively whether Sarafin has violated any of the restrictive covenants within the Noncompetition Agreement. Accordingly, Plaintiffs seek guidance from the Court as to their rights, responsibilities and obligations with respect to the Noncompetition Agreement.

## COUNT ONE
## DECLARATORY JUDGMENT

20. Plaintiffs repeat and reallege paragraphs 1 through 19, above, as if fully set forth herein.

21. There exists an actual and live controversy between Plaintiffs Sarafin and Austin Hose, on the one hand, and Defendant HosePower, on the other. Specifically, HosePower seeks to enforce its Noncompetition Agreement against Sarafin and force Austin Hose, a Texas company, to terminate Sarafin's employment.

22. Under Texas law, HosePower's Noncompetition Agreement is unenforceable. The Noncompetition Agreement is a standalone agreement not to compete that is not ancillary to an otherwise enforceable agreement. As such the Noncompetition Agreement fails to meet the requirements of Texas Business and Commerce Code § 15.50 (the Texas Non-Compete Act). To enforce such an agreement in Texas would violate the Texas Non-Compete Act and enforcement of the Noncompetition Agreement would violate Texas public policy regarding unlawful restraints on trade.

23. Further, the Noncompetition Agreement is overly broad and unreasonable in scope. HosePower, a national organization, through its Noncompetition Agreement attempts to prevent HosePower employees from obtaining subsequent employment within a 200-mile radius of any HosePower location. The Noncompetition Agreement's geographical limitation is unreasonable, and the Noncompetition Agreement fails to contain any limitation with respect to the scope of activity restrained.

24. Accordingly, Plaintiffs request a declaration that the Noncompetition Agreement must be interpreted under Texas law and that the Noncompetition Agreement is unenforceable against Sarafin and his employment with Austin Hose.

25. In the alternative, Plaintiffs request a declaration that Sarafin, through his employment with Austin Hose, has not breached the restrictive covenants contained within the Noncompetition Agreement.

26. Plaintiffs are entitled to recover reasonable and necessary attorney fees under 28 U.S.C. § 2202 and Texas Civil Practice and Remedies Code Sections 37.009 and 38.001 as this is a suit for declaratory relief and to determine whether there has been a breach of contract.

## JURY DEMAND

27. Plaintiffs demand a jury trial and tender the appropriate fees with this Complaint.

## CONDITIONS PRECEDENT

28. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred.

## PRAYER

WHEREFORE, for these reasons, Plaintiffs ask for declaratory judgment in their favor against Defendant as follows:

a) the substantive laws of Texas apply and govern the interpretation and application of the Noncompetition Agreement to Sarafin's employment with Austin Hose;

b) the Noncompetition Agreement is unenforceable as to Sarafin's employment with Austin Hose; and,

c) in the alternative, should the Court find the Noncompetition Agreement is enforceable, Sarafin has not breached the Noncompetition Agreement.

Additionally, Plaintiffs seek an award of attorneys' fees, cost of court, interest incurred in bringing this action, to the extent authorized and allowed by law, and for any and all other relief under law or in equity to which the Court may deem Plaintiff is so entitled.

Dated: December 12, 2023

Respectfully submitted,

**MULLIN HOARD & BROWN, LLP**

By: /s/ Elizabeth A. Chermel

Elizabeth Chermel, SBN 24074026
bbones@mhba.com
Flannery Nardone, SBN 24083183
fnardone@mhba.com
2515 McKinney Avenue, Suite 900
Dallas, Texas 75201
(214) 754-0040 telephone
(214) 754-0043 facsimile

and

Mark Logsdon, SBN 00795486
mlogsdon@mhba.com
500 S. Taylor St., Suite 800
Amarillo, Texas 79101-1656
(806) 372-5050 telephone
(806) 372-5086 facsimile

*Attorneys for Plaintiffs Martin Sarafin, III and A-7 Austin, LLC d/b/a Austin Hose*