IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MARTIN SARAFIN III and<br>A-7 AUSTIN, LLC d/b/a AUSTIN HOSE,<br><br>    Plaintiffs,<br><br>v.<br><br>BRIDGESTONE HOSEPOWER, LLC,<br><br>    Defendant. | 2:23-CV-203-Z-BR |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, Motion to Transfer Venue ("Motion") (ECF No. 7), filed December 27, 2023. The Court **GRANTS** the Motion and **DISMISSES** this case for lack of personal jurisdiction.[1]

**BACKGROUND**

The parties dispute whether Plaintiff Martin Sarafin III ("Sarafin") breached a non-competition agreement ("Agreement") with Defendant Bridgestone HosePower, LLC ("HP"). ECF No. 1 at 1. Sarafin worked for HP either in Orange Park, Florida, or Hiawassee, Georgia from May 2011 through September 2023. ECF Nos 7 at 6; 16 at 4. He resigned in September 2023 and began working for A-7 Austin, LLC d/b/a Austin Hose ("Austin Hose") on September 11, 2023. ECF No. 16 at 4. Austin Hose is incorporated in Amarillo. *Id.* at 17. HP's principal place of business is in Florida, is incorporated in Delaware, and has 46 locations across two countries and 21 states. ECF No. 7 at 5. Per the Agreement, Sarafin may not "seek to cause [HP's] distributors and suppliers from doing business with [HP]" within these territories. ECF No. 16-1 at 5–6.

---

[1] Hence Defendant's Motion for Injunction (ECF No. 36) is **DENIED** as moot.

**LEGAL STANDARD**

HP moves to dismiss this case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). ECF No. 7 at 5. Under this Rule, the Court must accept Sarafin's appropriately pled factual allegations. *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019) (citations omitted). But it need not credit his conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (citations omitted). Instead, the Court may rely on affidavits, interrogatories, depositions, and other recognized methods of discovery. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citations omitted).

Sarafin bears the burden of establishing personal jurisdiction over HP. *In re DePuy Orthopedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 778 (5th Cir. 2018) (citations omitted). This Court may exercise personal jurisdiction over HP if permitted by the Texas long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 249 (5th Cir. 2019) (citations omitted). These authorities collapse into one federal due process analysis. *Id.*

Sarafin can satisfy federal due process if HP purposefully availed itself of the benefits of Texas by establishing "minimum contacts" with Texas and if the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Id.* at 250. The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* (internal quotation marks omitted) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). A defendant's minimum contacts may give rise to either general or specific jurisdiction. *Id.*

ANALYSIS

I.  **This Court lacks general jurisdiction over HP.**

**A. Texas is not a paradigm forum for general jurisdiction over HP.**

"A court may assert general jurisdiction over [nonresident defendants] . . . when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "The 'paradigm' forums in which a corporate defendant is 'at home' . . . are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) and *Goodyear*, 564 U.S. at 919).

HP, according to Sarafin, "is not headquartered or domiciled in [Texas]." ECF No. 16 at 17. Thus this is not a paradigm case and the Court must review HP's other Texas contacts.

**B. HP's Texas contacts are not otherwise so continuous and systematic to render it at home in Texas.**

In an "exceptional case," a corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that state. *BNSF*, 581 U.S. at 413. But the exceptional cases do not focus solely on the magnitude of the defendant's in-state contacts because "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.* at 414 (internal marks omitted). Otherwise, "at home" would be synonymous with "doing business." *Daimler*, 571 U.S. at 140 n.20.

HP, per Sarafin, has "secured leases . . . in multiple [Texas] counties for many years"; "employ[s] Texas residents"; "pay[s] Texas state taxes"; "has continuously maintained multiple business locations in Texas, including in El Paso, Houston, La Porte, Odessa, Fort Worth, and San Angelo"; employs "at least 26 staff members" in Houston; and has "taxable property at its Houston

3

Location at $4,955,566." ECF No. 16 at 8–9. Thus, Sarafin concludes, "HP quite clearly has a 'general business presence' in Texas" for purposes of general jurisdiction. *Id.* at 9.

This is simply doing business in Texas, nothing more. HP has 46 locations across 21 states, ECF No. 7 at 5, and the foregoing could likely be said of each of them. Moreover, HP arguably has fewer Texas contacts (26 identified employees) than BNSF's Montana contacts (2,000 employees), and the Supreme Court held that the latter did not suffice for general jurisdiction. *BNSF*, 581 U.S. at 414. Neither should the former.

## II.     This Court lacks specific jurisdiction over HP.

"Specific jurisdiction is very different" from general jurisdiction. *Bristol-Myers Squibb v. Superior Ct. of CA*, 582 U.S. 255, 262 (2017). "In order for a state court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Id.* (quoting *Daimler*, 571 U.S. at 127) (emphasis original). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* (quoting *Goodyear*, 564 U.S. at 919).

"[T]he Fifth Circuit has not yet addressed the issue of specific personal jurisdiction in the context of claims for breach of non-competition . . . ." *Deep South Commc'ns v. Fellegy*, 652 F. Supp. 3d 636, 654 (M.D. La. 2023). And when our sister courts have addressed the issue, they focused exclusively on the former employee's subsequent conduct — not the former employer's. *See id.* (finding specific jurisdiction when non-resident defendant traveled to the forum at least 22 times throughout his five-year employment).

But Supreme Court jurisprudence is instructive here. The plaintiffs in *Walden v. Fiore* sued an out-of-state defendant for conducting an allegedly unlawful search of plaintiffs while they were

in Georgia preparing to board a Nevada-bound plane. 571 U.S. 277, 280 (2014). The non-resident defendant knew of plaintiffs' strong Nevada connections and that they "suffered foreseeable harm" in Nevada. *Id.* at 289. Yet the Nevada courts lacked specific jurisdiction because the "relevant conduct occurred entirely in Georgia, and the mere fact that [this] conduct affected plaintiffs with connections to the forum State d[id] not suffice to authorized jurisdiction." *Id.* at 291.

The court in *Bristol-Myers* similarly declined to exercise jurisdiction over non-resident defendants when they "were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California." 582 U.S. at 264. California's Supreme Court exercised jurisdiction anyway because of defendants' extensive forum contacts that were unrelated to the underlying claims. *Id.* The court censured this approach because it "resemble[d] a loose and spurious form of general jurisdiction." *Id.*

Here, Sarafin would find specific jurisdiction because the Agreement restricts him from employment within a two-hundred-mile radius of HP's Texas locations. ECF No. 16 at 10–11. In essence, Sarafin argues that so long as he found employment in any of the 21 states in which HP does business, HP would be subject to specific jurisdiction in that state. This reasoning narrows the jurisdictional inquiry to the Agreement's restrictive clause, which implicates HP's ongoing business in 21 separate states. Because neither party disputes that HP has contacts with Texas, Sarafin argues, this Court has grounds to exercise specific jurisdiction.

This cannot be. The "proper lens" is whether HP has any "jurisdictionally *relevant* contacts" with Texas, and it does not. *Walden*, 571 U.S. at 289 (emphasis added). Like the *Walden* defendant, Sarafin essentially claims that HP *anticipated* his breach in Amarillo — a minimum-contacts theory the Supreme Court rejected. *Id.* at 291. The analysis might change if HP, after Sarafin took employment with Austin Hose, had set up a location nearby to enforce the Agreement.

5

But that was not the case here — HP enforced the Agreement over its *pre-existing* Texas contacts. *See Bristol-Myers*, 582 U.S. at 262 (requiring the Court to focus on HP's "activity or . . . occurrence that takes place in the forum State."). Sarafin directs this Court to no further relevant conduct.

Nor could he, as the real basis for specific jurisdiction is *Sarafin's* Texas contacts. Sarafin could have found employment anywhere after he departed HP in September 2023, yet chose a company based in Amarillo, Texas. That is not HP's fault, and exercising jurisdiction on this basis "would subject HP to jurisdiction in any state where Sarafin's new employer happened to be located." ECF No. 20 at 5. This the Court cannot do. *See Walden*, 571 U.S. at 284 ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff . . . and the forum State."); *see also Sangha v. Navig8 Ship Mgmt. Priv. Ltd.*, 882 F.3d 96, 103 (5th Cir. 2018) ("Neither can the plaintiff's own contacts with the forum be used to demonstrate contacts by the defendant.").

CONCLUSION

Based on the foregoing, the Court **GRANTS** HP's Motion and **DISMISSES** the case for lack of personal jurisdiction. HP's Motion for Injunction (ECF No. 36) is hence **DENIED** as moot.

**SO ORDERED**.

March __1__, 2024.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE